testimony or disclosure) on a prosecution against him is impossible, or where it is forbidden by a positive statute, I have seen no authority which holds or intimates that the witness is privileged." Not only have we the rule laid down by Mr. Greenleaf, but we have it as strongly stated by Mr. Taylor in his treatise on Evidence, whose work is the highest authority in England and America, and justly commends itself to careful examination and consideration. On page 1265, vol. 2, the author says: "Or, if, in any other way, the reason for the privilege has ceased, the privilege itself will cease also, and the witness will be bound to answer."

In addition to the statement of this rule by this learned authority, we have the rule supplied by two district judges, in the construction of the statute now before us, and while, as has been well observed by counsel, these decisions are not binding upon us, and could not be followed if we supposed them wrong, yet when courts of equal jurisdiction with ours, or even of inferior jurisdiction, have been called upon to construe the statute before us, we will look to them as the utterances of men more or less learned in law, whose duty it was to examine the same questions to give it a proper construction. The first case is that of In re Phillips [Case No. 11,097]. In speaking of the statute, Judge Underwood says: "That being so, the respondent, by any answers he may give to the interrogatories, cannot thereby be subjected to a criminal prosecution, since his answers cannot be used against him. If it be said that, although his answers cannot themselves be used against him, they may nevertheless point to other information not otherwise to be obtained, which, when obtained, may be used against him, it is to my mind, a sufficient reply to quote the court of appeals of New York. But neither the law nor the constitution is so sedulous to screen the guilty as the law supposes. If a man cannot give evidence upon the trial of another person without disclosing circumstances which will make his own guilt apparent, or at least capable of proof, though his account of the transaction should never be used as evidence, it is the misfortune of his condition, and not any want of humanity in the law. The refusal, therefore, of the respondent to answer the interrogatories is not sustained by any sufficient ground." The second case is that of U. S. v. Brown [Id. 14,671]. Judge Deady says: "By the act of February 25, 1868 (15 Stat. 37), it is provided that no evidence of a party obtained in a judicial proceeding shall be used against such party in any court of the United States, in any criminal proceeding, to enforce a forfeiture or penalty. As the law stood before the passage of this act, a witness could decline to answer a question when the answer would tend to criminate himself, but now he may be compelled to answer, when the inquiry is perti-

nent to any judicial proceeding, because it may be necessary to the ends of justice as to others, and can not be used against himself. If this is not the object and effect of the act, I confess I do not know what is."

This array of authorities in favor of the proposition that the witness is not privileged from answering, and no authorities having been produced which show that where, under the legislative act, the disclosures and testimony can in no manner be used against the witness to procure an information or indictment against him, nor upon the trial against him, I do not feel myself at liberty to give this statute any other construction than the one I have placed upon it. The reason of the privileges having ceased, the privilege itself cannot exist, and the witness will be compelled to answer.

The witness then proceeded to testify as to the fraudulent duplication of certificates and serial numbers in connection with the removal of spirits from the distillery.

After fourteen days of trial the jury rendered verdict against four of defendants for $300,000.

---

## Case No. 16,718.

UNITED STATES v. WILLIAMS.

[See Case No. 13,515.]

---

## Case No. 16,719.

UNITED STATES v. WILLIAMS.

[4 McLean, 236.][1]

Circuit Court, D. Michigan. June Term, 1847.

LEVY ON JUDGMENT DEBT OF PARTNERSHIP — PARTNERSHIP AND INDIVIDUAL CREDITORS — AUTHORITY OF SHERIFF — SALE — RIGHTS OF PURCHASER.

1. A judgment against one of the partners of a firm, will authorize the sheriff or marshal to levy on the right of the judgment debtor in the goods.

[Cited in Newhall v. Buckingham, 14 Ill. 408.]

2. But the debts of the partnership must be first paid, before the partnership property can be applied in payment of the individual debts of either partner.

[Cited in Re Corbett, Case No. 3,220.]

3. If the officer shall deem it safe, he may make an arrangement with the partner to sell the goods, and account for the proceeds, after paying the debts of the partnership.

4. And where it is necessary for the security of the officer, he may take possession of the entire property, and sell the interest of the partner against whom judgment has been entered.

5. But this proceeding ought not to be had, as it breaks up the partnership, and leads to great uncertainty, unless it be necessary.

6. The purchaser of the right sold becomes a substituted partner, in lieu of him whose property is sold.

[1] [Reported by Hon. John McLean, Circuit Justice.]